

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-17-2008

# Ellsworth Pendleton v. NEPA Community Feder

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2408

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

## Recommended Citation

"Ellsworth Pendleton v. NEPA Community Feder" (2008). *2008 Decisions.* Paper 80.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/80

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2408
_____

ELLSWORTH PENDLETON,
                                                    Appellant
vs.

NEPA COMMUNITY FEDERAL CREDIT UNION & BD OF DIRECTORS;
OAKVIEW TERRACE CONDO ASSOCIATION & BD OF DIRECTORS, ET AL;
SECRETARY OF STATE COMMONWEALTH OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil Action No. 06-cv-02170)
District Judge:  Honorable A. Richard Caputo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
NOVEMBER 24, 2008
Before:   SCIRICA, Chief Judge, CHAGARES AND WEIS, Circuit Judges
(Filed: December 17, 2008)
_____

OPINION
_____

PER CURIAM.

        Ellsworth Pendleton, proceeding pro se, appeals an order of the United

States District Court for the Middle District of Pennsylvania related to his civil rights

action.  We will affirm the District Court's order.

1

Pendleton filed a complaint in District Court against defendants asserting various violations of equal protection of the law, the Pennsylvania Constitution, and state and federal statutes based on an alleged commercial lien that he had against the defendants. The District Court dismissed Pendleton's complaint for lack of subject matter jurisdiction, concluding that he had not cited statutes that would provide a basis for a civil cause of action, and that his claims were frivolous and so devoid of merit as not to involve a federal controversy.

Pendleton's appeal of the District Court's order was dismissed as untimely. Pendleton filed a motion in District Court seeking to change the date that his notice of appeal was docketed, asserting, as he had in his initial appeal and in his petition for rehearing, that his notice of appeal was post-marked on August 22, 2007, within the 30-day time to appeal. The District Court denied the motion, and this appeal followed.

The law of the case doctrine acts to preclude review of those legal issues that the court in a prior appeal actually decided, either expressly or by implication. In re City of Philadelphia Litig., 158 F.3d 711, 718 (3d Cir. 1998). Although we did not expressly discuss Pendleton's argument that his original appeal was timely, when we denied his petition for rehearing, we rejected the argument by implication. The law of the case doctrine precludes review of the argument that Pendleton's earlier appeal was timely, or that the District Court erred in denying Pendleton's post-judgment motion, in light of the date that he mailed his notice of appeal to the District Court.

2

Accordingly, we shall affirm the District Court's order. Although not required to do so, and concededly in dictum, we conclude that Pendleton's original complaint had no merit.